NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE TOBIA IPPOLITO,

*Debtor*

Civil Action Nos. 16-03827;

16-03808

**OPINION**

**John Michael Vazquez, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court by way of *pro se Debtor* Tobia Ippolito's motions to intervene into the appeals of two separate orders arising from the same underlying bankruptcy proceeding.[1] The Court reviewed all submissions in support and opposition, and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, the Court denies Mr. Ippolito's motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

In the underlying bankruptcy matter (the "Bankruptcy Proceeding"), Judge Gambardella entered two orders that were subsequently appealed to this Court. The first order was entered on May 25, 2016, and denied Ms. Ippolito's motion to dismiss Mr. Ippolito's Chapter 7 bankruptcy

---

[1] Mr. Ippolito's briefs are filed as D.E. 19 and 25 in docket numbers 16-3827 and 16-3808, respectively. The submissions in support of the motions to intervene are identical in both matters. Accordingly, for ease of reference, the Court will collectively refer to the submissions as "T. Ippolito's Br." Lisa Ippolito's briefs in opposition are also identical in both matters and will therefore collectively be known as "L. Ippolito's Opp." Mr. Ippolito's submissions in reply are also the same in both matters and shall collectively be known as "T. Ippolito's Rep."

petition (the "First Order"). Docket No. 16-3827, D.E. 20-1, Ex. 1 (the "Bankruptcy Docket") at D.E. 55. On May 31, 2016, Judge Gambardella entered an order granting Ms. Ippolito's request for relief from the automatic stay (the "Second Order"). *Id.* at D.E. 60. On June 7, 2016, Ms. Ippolito filed a notice of appeal of the First Order. *Id.* at D.E. 63. On June 8, 2016, the Chapter 7 Trustee filed a notice of appeal of the Second Order. *Id.* at D.E. 64.

At all relevant times during the Bankruptcy Proceeding, Mr. Ippolito was represented by counsel.[2] Mr. Ippolito's counsel was registered on CM/ECF, the Court's electronic filing system, and therefore received notifications that the notices of appeal were filed. Mr. Ippolito did not file a notice of appeal of either order, and he did not file an opposition to either of the appeals.

According to Mr. Ippolito, he was incarcerated multiple times in the summer of 2016. Docket No. 16-3827, D.E. 19-3 ¶ 7. On June 13, 2016, Mr. Ippolito was incarcerated for two days. *Id.* On June 20, 2016, he was incarcerated for "several days." *Id.* On August 6, 2016, he was incarcerated for fifty-one days until he was released on September 26, 2016. *Id.*

On October 21, 2016, Mr. Ippolito requested a conference call with the Court to address the alleged non-service of certain filings related to the two pending appeals. Docket No. 16-3808, D.E. 11. On November 18, 2016, the Court held the conference call and subsequently ordered that "if Mr. Ippolito wishes to participate in the above-referenced bankruptcy appeals, on or before December 6, 2016, he shall file a formal motion requesting to do so." *Id.* at D.E. 18. On December 7, 2016, Mr. Ippolito filed his motions to intervene.

## II. LAW AND ANALYSIS

---

[2] On August 2, 2016, about two months after the notices of appeal of the First and Second Orders were filed, Mr. Ippolito's counsel filed a motion to withdraw as his attorney. *Id.* at D.E. 85. Judge Gambardella granted the motion on August 29, 2016. *Id.* at D.E. 92.

2

Mr. Ippolito argues that under Federal Rule of Civil Procedure 24, he should be permitted to intervene in the appeals of the First and Second Orders. Mr. Ippolito maintains that while incarcerated, he was not served with either of the notices of appeal. T. Ippolito's Br. at 6. Mr. Ippolito contends that he was "without counsel during the statutory filing deadlines" and contacted the Court "as soon as practicable . . . to seek intervention." *Id.* at 7.

Ms. Ippolito responds that at all relevant times, Mr. Ippolito was represented by counsel and was properly served with all pertinent filings via CM/ECF. L. Ippolito Opp. at 2. According to Ms. Ippolito, Mr. Ippolito had an opportunity to join in the bankruptcy appeals, but chose not to do so. *Id.* at 5. Therefore, she argues that pursuant to Federal Rule of Bankruptcy Procedure 8013(g), Mr. Ippolito should not be permitted to intervene. *Id.* at 6.

Intervening in a bankruptcy appeal is governed by Rule 8013(g) of the Federal Rules of Bankruptcy Procedure, which provides that

> Unless a statute provides otherwise, an entity that seeks to intervene in an appeal pending in the district court or [bankruptcy appellate panel] must move for leave to intervene and serve a copy of the motion on the parties to the appeal. The motion or other notice of intervention authorized by statute must be filed within 30 days after the appeal is docketed. It must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the proceeding, and why participating as an amicus curiae would not be adequate.

A potential intervener is generally not a party to the underlying bankruptcy matter. Here, Mr. Ippolito was (and still is) a party to the Bankruptcy Proceeding. Instead of filing a motion to intervene, he should have filed a motion to file an appeal or cross-appeal out-of-time. However, even assuming that Rule 8013(g) applies to a party of the underlying bankruptcy proceeding, Mr. Ippolito has not presented sufficient facts justifying the relief he seeks.

3

The crux of Mr. Ippolito's argument is that he was not on notice of the pending appeals because he was incarcerated and was not served with the pertinent documents relating to the appeals. Service, however, was effectuated upon Mr. Ippolito's counsel by means of CM/ECF. The notices of appeal for the First and Second Order were electronically filed on the Bankruptcy Docket on May 25 and May 31, 2016, respectively. At these times, Mr. Ippolito was represented by counsel, and was therefore properly served once the notices were posted on the bankruptcy court's electronic docket. *See* Fed. R. Bankr. P. 8011(b) ("Service on a party represented by counsel must be made on the party's counsel."); *id.* at 8011(c)(1) (stating that [s]ervice must be made electronically, unless it is being made by or on an individual who is not represented by counsel"); *id.* at 8011(c)(2) ("Service by electronic means is complete on transmission[.]"). Moreover, on July 27 and 28, 2016, Mr. Ippolito's counsel (who still represented him at this time) was served with each appellant's brief and supporting documents. Docket No. 16-3827, D.E. 20-1 Exs. B and C. The fact that Mr. Ippolito was incarcerated[1] at various times during the summer of 2016 and claims not to have been personally served with these documents does not change the analysis. The Federal Rules of Bankruptcy Procedure require service on the attorney of a represented party, not the party himself. Therefore, Mr. Ippolito was properly served and his motions to intervene are denied.[4]

---

[1] Even if the Court were to consider Mr. Ippolito's incarceration, his arguments would be unavailing. First, he was not incarcerated on either May 25 or May 31 when the notices of appeal were entered. Moreover, he was not incarcerated on either July 27 or July 28 when the appellate briefs and supporting documents were filed. In between May and July filings, he was not incarcerated for the vast majority of time. He was incarcerated for two days starting June 13 and for "several days" beginning June 20. His fifty-one-day period of incarceration did not begin until August 6, which was over a week after the July 28 materials were filed.

[4] The Court notes that Mr. Ippolito argues to intervene pursuant to Federal Rule of Civil Procedure 24. As this is a bankruptcy case, it is controlled by the Federal Rules of Bankruptcy Procedure.

4

## III. CONCLUSION

For the reasons stated above, Mr. Ippolito's motions to intervene are denied. An appropriate Order on each docket accompanies this Opinion.

Dated: May 24, 2017

John Michael Vazquez, U.S.D.J.

---

See Fed. R. Bankr. Pro. 1001 ("The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code."). Accordingly, the Court does not conduct a Rule 24 analysis.